**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **MICHAEL L. SWAN,** § § | |
| **Plaintiff** § § | Case No. 1:17-cv-180 |
| -v- § § | Hon. |
| **CONVERGENT OUTSOURCING, INC.** § § | |
| **Defendant.** § | |

**COMPLAINT**

**I. INTRODUCTION**

1. Plaintiff Michael L. Swan ("Plaintiff") brings this action to secure redress from unlawful collection practices engaged in by Defendant Convergent Outsourcing, Inc. ("Defendant"). Plaintiff alleges violation of the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq.* and the Michigan Occupational Code M.C.L. §339.901 *et. seq.* ("MOC").

**II. VENUE AND JURISDICTION**

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," 47 U.S.C. §227(b)(3) and 28 U.S.C. §1331.

3. Venue is proper pursuant to 28 U.S.C. §1319(b)(2) as the acts giving rise to Plaintiff's cause of action occurred in this district, Plaintiff resides in this district, and the Defendant transacts and conducts business in this district.

**III. PARTIES**

4. Plaintiff is a natural person residing in Montcalm County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA.

5. Defendant Convergent Outsourcing Inc. ("Convergent") is a corporation with offices at 800 SW 39th St., Renton WA, 98057. It Conducts and/or transacts business in the State of Michigan through its registered agent, The Corporation Company, 40600 Ann Arbor Rd. E. Ste. 201, Plymouth MI, 48170.

6. Defendant uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. Defendant is a "debt collector" as the term is defined and used in the FDCPA. Defendant is licensed (No. 2401001661) by the State of Michigan to collect consumer debts in Michigan.

## IV. FACTUAL ALLEGATIONS

8. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a telecommunications bill with Verizon Wireless in the amount of $667.60.

9. The Debt went into default and was charged off by the original creditor in 2011.

10. The last payment on the debt was made more than two years prior to the date of the letter.

11. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

12. On or about June 7, 2016, Defendant sent Plaintiff a collection letter that stated there was a balance due of $667.60. (Exhibit 1)

13. Exhibit 1 invites Plaintiff to pay 35% of his current balance as a settlement of the debt.

14. Exhibit 1 does not disclose that a partial payment on a time barred debt revives the statute of limitations clock under Michigan Law. *See Yeiter v. Knights of St. Casimir Aid Soc'y*, 461 Mich. 493, 607 N.W.2d 68, 71 (2000).

15. Exhibit 1 does not disclose the last date that a payment was made on the debt.

### *Count I: Violation of 15 USC § 1692e*

16. The federal statute of limitations applicable to carriers on cellular telephone charges is two years. 47 U.S.C. §415(a).

17. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to the collection of old debts past the statute of limitations … When a collector tells a consumer that she owes money and demands payment, it may create a misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a

consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States v. Asset Acceptance LLC,* Case No. 8 : 12 CV 182 T 27 EAJ (M.D.Fla.).

18. The Consumer Financial Protection Bureau has asked for input on potential rulemaking regarding time-barred debt. Debt Collection (Regulation F), 78 Fed.Reg. 67,848, 67,875-76 (advance notice of proposed rulemaking given Nov. 12, 2013). According to the CFPB, "[c]onsumers, in some circumstances, may infer from a collection attempt the mistaken impression that a debt is enforceable in court even in the absence of an express or implied threat of litigation." *Id*. At 67,785.

19. The 6th Circuit has held that it is plausible that a settlement offer falsely implies that the underlying debt is enforceable in court. *Buchanan v. Northland Group, Inc.*, 776 F.3d 393 (6th Cir., 2015).

20. Defendant engaged in unfair, false, and deceptive acts and practices in violation of 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(10), by dunning consumers on time-barred debts without disclosing that the consumers were under no legal obligation to make payment.

21. Defendant engaged in misleading, unfair, false, and deceptive acts and practices in violation of 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(10), by inviting consumers to pay less than the full balance owed on their account without disclosing that paying less than the settlement amount requested could restart the statute of limitations clock under Michigan law.

### *Count II: Violation of 15 USC § 1692g*

22. Pursuant to 15 USC § 1692g A debt collector is required to provide a consumer with a notice of their right to request validation of a debt either in the initial communication with the consumer, or within five days thereof.

23. Section 1692g(a) provides that the initial communication sent to a consumer must contain: (1) the amount of the debt, (2) the creditor's name, (3) a statement that unless the consumer disputes the validity of the debt within thirty days of receipt of the notice, the debt collector will assume the debt to be valid, (4) a statement that if the consumer does dispute the debt in writing within thirty days, the debt collector will obtain verification of the debt or a copy of the judgment, and (5) a statement that, upon the consumer's written request, the debt collector will provide the consumer with the name and address of the original creditor, if different from that of the current creditor.

24. The notice must be provided in a manner that effectively communicates its contents to the least sophisticated consumer *See Smith v Computer Credit, Inc.,* 167 F.3d 1052 (6th Cir. 1999).

25. The Sixth Circuit has adopted the "least sophisticated debtor" standard to determine whether a communication "effectively conveys" notice of the thirty-day validation period for purposes of § 1692g. *Id.*

26. On the front of the letter Defendant states that in order to take advantage of the settlement offer, Plaintiff must respond to them within forty-five days.

27. The front side of the letter does not contain the required notices, instead there is a vague statement "Notice: Please see reverse side for important consumer information."

28. Placing the required notices on the back of a dunning letter may comply with § 1692g if there is a conspicuous reference on the front, and other language on the letter does not further obscure the notice. *See Sims v. GC Servs. L.P.*, 445 F.3d 959 (7th Cir. 2006).

29. The back of the page does include the required notices, but there is a second page of the letter that purports to be a "Privacy Notice."

30. The least sophisticated consumer would not effectively understand his verification rights for the following reasons:

    a. The 45 day notice on the front of the letter may convey to the least sophisticated consumer that he has 45 days to contact the Defendant, and obscure the 30 day notice on the back of the letter;

    b. The statement on the first page that that reverse side contains important consumer information obscures the consumer's rights and is not conspicuous;

    c. The placement of the privacy notice immediately after the first page could lead the least sophisticated consumer to believe that it is the important consumer information referred to on the first page instead of the notice of the consumer's validation rights.

31. Defendant's letter does not adequately provide Plaintiff with notification of his verification rights and is a violation of 15 U.S.C. § 1692g.

### *Count III: Violations of MCL §339.901 et. seq.*

32. Pursuant to MCL § 339.915 a licensee is prohibited from committing several acts including but not limited to:

    a. Communicating with a debtor in a misleading or deceptive manner (MCL § 339.915(a));

    b. Misrepresenting the legal rights of the creditor or debtor (MCL § 339.915(f)(i)); and

    c. Failing to implement a procedure designed to prevent a violation by an employee (MCL § 339.915(q)).

33. Defendant's communications were misleading because they failed to inform Plaintiff that he was under no legal obligation to make payment.

34. Defendant's use of "settlement" language in the communication misrepresented that they retained the legal right to enforce the debt in a court of law.

35. Defendant's multiple violations of the MOC substantiate that Defendant failed to implement a procedure designed to prevent a violation by an employee.

### *Summary*

36. The foregoing acts and omissions of Defendant and its agents constitute numerous violations of the FDCPA and the MOC including, but not limited to, each and every one of the above-cited provisions of the FDCPA and the MOC with respect to Plaintiff.

37. As an actual and proximate result of the acts and omissions of defendant and its employees, Plaintiff has suffered actual damages and injury for which he should be compensated in an amount to be established by jury and at trial, including but not limited to generalized feelings depression and anxiety resulting in feelings of worthlessness, guilt, fear, embarrassment, anxiety, stress, hopelessness and suffering.

## V.  TRIAL BY JURY

38. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed. R. Civ. Pro. 38.

## VI. PRAYER FOR RELIEF

### Count I – Fair Debt Collection Practices Act

39. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include but are not limited to the following:

    a. Defendant violated 15 U.S.C. §1692e;

    b. Defendant violated 15 U.S.C. § 1692g.

**Wherefore,** Plaintiff seeks judgment against defendant for:

    a) Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    b) Statutory damages pursuant to 15 U.S.C. §1692l(a)(2)(A);

    c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

    d) Such further relief as the court deems just and equitable.

**Count II -- Michigan Occupational Code**

40. Defendant has violated the MOC. Defendant's violations of the MOC include, but are not limited to the following:

    a. Communicating with a debtor in a misleading or deceptive manner (MCL § 339.915(a));

    b. Misrepresenting the legal rights of the creditor or debtor (MCL § 339.915(f)(i));

    c. Failing to implement a procedure designed to prevent a violation by an employee (MCL § 339.915(q)).

**Wherefore**, Plaintiff seeks judgment against defendant for:

    a) Actual damages pursuant to M.C.L. §339.916(2);

    b) Treble the actual damages pursuant to M.C.L. §339.916(2);

    c) Statutory damages pursuant to M.C.L. §339.916(2);

    d) Reasonable attorney's fees and costs pursuant to M.C.L. §339.916(2); and

    e) Equitable relief pursuant to M.C.L. §339.916(2).

| Dated: February 23, 2017 | Respectfully submitted:<br><br>__/s/_____<br>Jeffrey D. Mapes (P70509)<br>Jeffrey D. Mapes PLC<br>Attorneys for Plaintiff<br>29 Pearl St. NW, Ste. 305<br>Grand Rapids, MI 49503<br>Tel: (616) 719-3847<br>Fax: (616) 719-3857<br>jeff@mapesdebt.com |
|---|---|